**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| BRENT A. WETTLE, et al. | ) | Case No. 3:22-cv-00828 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF SUBSTITUTION OF** |
| UNITED STATES POSTAL SERVICE, et al. | ) | **THE UNITED STATES OF AMERICA FOR DEFENDANT** |
| | ) | **LINDSEY E. MACDONALD** |
| Defendants. | ) | |
| | ) | |

NOW COMES the United States of America, by and through the undersigned counsel, pursuant to 28 U.S.C. § 2679(d), and gives notice to this Court of the substitution of the United States of America as Defendant in the place and stead of Defendant Lindsey E. MacDonald, who was at all relevant times acting in the course and scope of her duties with the United States Postal Service ("USPS").

Congress has provided that the exclusive remedy for the negligent or wrongful act or omission of an employee of the United States Government, acting within the scope of employment, shall be an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b); 2671-2680. The FTCA provides that:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same

> subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). Such action must be brought against the sovereign and not in the name of the individual employee or an agency of the United States. See, Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990); see also, Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998)("FTCA action naming only the United States Post Office and several individual postal workers as defendants must be dismissed for lack of jurisdiction because the United States of America is the only proper defendant in such an action").

The Complaint filed by Plaintiffs Brent A. Wettle & Heather M. Wettle allege a claim for compensatory & special damages in the amount of $25,000.00 resulting from a collision on June 22, 2019 between a vehicle owned by the USPS and a vehicle owned by Plaintiffs. Plaintiffs' claim for damages falls within the purview of the Federal Tort Claims Act (FTCA), which permits individuals to recover damages for tort claims contingent on certain prerequisites. 28 U.S.C. § 2675(a). Where the plaintiff names a federal employee as a defendant in a tort action, the Attorney General or designee must determine whether the employee was acting within the scope of his office or employment at the time of the incident in question. 28 U.S.C. § 2679(d)(1). If so, then the FTCA provides for the substitution of the United States for the federal employee as the party defendant. Id.

In the instant case, Plaintiff named Lindsey E. MacDonald as a defendant. Attached as Exhibit A is the Certification of First Assistant United States Attorney Michelle M. Baeppler that Defendant Lindsey E. MacDonald acted within the course and scope of her federal office or employment at all times relevant to Plaintiffs' claims. Pursuant to 28 C.F.R. § 15.4, the Attorney

General has delegated to United States Attorneys the authority to make such certifications.

Accordingly, the United States hereby gives notice of the substitution of the United States for Lindsey E. MacDonald as the defendant in this action. Defendant does not waive service defects by this filing, specifically reserves improper service defenses, and preserves any other defenses, including immunity.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

*s/ Guillermo J. Rojas*
Guillermo J. Rojas (0069882)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604-2624
Voice: 419-259-6376; Fax: 419- 259-6471
Guillermo.Rojas@usdoj.gov